USCA1 Opinion

 

 October 16, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 95-1208  UNITED STATES, Appellee, v. NANCY VALDES-BRETONES, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Jose Antonio Fuste, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Lynch, Circuit Judge, _____________ and Watson,* Senior Judge.  ____________ ____________________ Benicio Sanchez Rivera, Federal Public Defender, and Laura ________________________ _____ Maldonado Rodriguez, Assistant Federal Public Defender, on brief for ___________________ appellant. Guillermo Gil, United States Attorney, Nelson Perez-Sosa, ______________ ___________________ Assistant United States Attorney, and Jose A. Quiles-Espinosa, Senior _______________________ Litigation Counsel, on brief for appellee. ____________________ ____________________  ________________ *Senior Judge, U.S. Court of International Trade, sitting by  designation. Per Curiam. Appellant Nancy Valdes-Bretones, ___________ having pled guilty to possession of cocaine with intent to distribute, 21 U.S.C. 841(a)(1),1 challenges the district court's denial of a downward adjustment in her offense level due to her alleged "minor participant" status. See U.S.S.G. ___ 3B1.2. We affirm. I. We recount only those facts necessary to a basic understanding of the issue on appeal.2 Additional facts will be incorporated as necessary.  After a trip to Aruba, appellant returned to Puerto Rico on the morning of July 5, 1994, aboard an American Airlines flight. She wore an American Eagle uniform. American Airlines security personnel observed her approach from the aircrew elevator area. She told them that she was leaving later that day to go to New York and asked if she could leave a suitcase with them until then, when either she or her cousin would pick it up prior to boarding their connecting flight.   ____________________ 1. Appellant was charged with violating 21 U.S.C. 841 (a)(1) and 21 U.S.C. 952(a). Pursuant to the plea agreement, the latter charge was dropped.  2. Since this conviction resulted from a guilty plea, we draw the facts from the uncontested portions of the presentence report ("PSR") and the transcript of the hearing. U.S. v. Dietz, 950 F.2d 50, 51 (1st Cir. 1991).  _____________ -2- The security personnel X-rayed the suitcase, observed what they believed to be narcotics, and notified the U.S. Customs service. A K-9 dog indicated the presence of narcotics. Search of the bag revealed 9.85 kilograms of cocaine,3 later determined to be 93% pure, and $8,390.00 in U.S. currency.  Later that afternoon, appellant boarded an airplane for Newark. She was detained on board by a Customs agent. She was questioned and ultimately arrested. At the time of her arrest she was not wearing the American Eagle uniform. She was carrying a cellular phone and $2,896.00 in U.S. currency. A subsequent search of her apartment turned up $5,000.00 in U.S. currency, and an American Eagle uniform.4  Based on the quantity and type of drugs involved, appellant was given a base offense level of 30. U.S.S.G.  2D1.1. This was reduced by three levels because of her guilty plea and her timely acceptance of responsibility. U.S.S.G. 3E1.1. With a total offense level of 27, and a criminal history category of I, the guidelines called for 70 to 87 months of imprisonment, with a fine range of $12,500.00  ____________________ 3. For purposes of sentencing, the amount of cocaine was stipulated at 4.92 kilograms. 4. Investigation revealed that while appellant had once been an American Airlines employee, she had not worked for the airline since May, 1993. Prior to that time, she had worked with the Wackenhut Security Company at the American Airlines terminal and with the U.S. Immigration Service in New York.  -3- to $2,000,000.00 plus supervised release. The court imposed a 70 month sentence and a $50.00 "special monetary assessment." II. The Sentencing Guidelines provide for a decrease of two levels when a defendant is a minor participant in criminal activity. Application Note 3 to U.S.S.G. 3B1.2 explains that "a minor participant means any participant who is less culpable than most other participants, but whose role could not be described as minimal."  Role-in-the-offense determinations are "innately fact specific." U.S. v. Rostoff, 53 F.3d 398, 413 (1st Cir. _______________ 1995). "[O]ur standard of oversight is deferential: `absent mistake of law, we review such determinations only for clear error.'" Id. (internal quotation omitted). We will reverse ___ the district court's decision not to grant a downward adjustment "only if the evidence overwhelmingly demonstrates that the defendant played a part that makes him substantially less culpable than the average participant...." U.S. v. ________ Brandon, 17 F.3d 409, 460 (1st Cir.), cert. denied, 115 S.Ct. _______ _____ ______ 80 (1994). A criminal defendant has the burden of proving an entitlement to a downward adjustment. U.S. v. Lopez-Gil, 965 _________________ F.2d 1124 (1st Cir.), cert. denied, 113 S.Ct. 483 (1992). _____ ______ The question whether a criminal defendant is entitled to a downward adjustment is based ultimately on the court's -4- consideration of the facts of each particular case. U.S.S.G. 3B1.2, comment. (backg'd.).  The probation officer observed in his report, adopted by the district court, that no role in the offense adjustment was warranted because of the lack of substantiating evidence to establish a criminal hierarchy. In response to appellant's objection that there were other people involved and she played only a minor role as a courier, the report noted that the facts of this case did not reflect that appellant was a typical courier with little knowledge and understanding of the nature and scope of the criminal activity. A. 3-4. The officer detailed his reasons for this conclusion: appellant, who had not for some time been an American Eagle employee, nonetheless brought along her uniform on a business and pleasure trip to Aruba; once the plane returned to Puerto Rico, she separated from the people she had traveled with and circumvented several inspection points. The officer considered as well the amount of drugs involved and the high degree of purity. Id.  ___ Appellant reiterates before this court arguments rejected by the district court.5 They are no more  ____________________ 5. We have reviewed appellant's claim that the district court may not ever have seen certain documents purporting to show that there was at least one other person involved in the smuggling scheme. Assuming that appellant had in fact provided certain documents to the probation officer which the probation officer neglected to hand to the court at the hearing - an assumption not wholly supported by the record - -5- persuasive here. We have specifically rejected the argument that status as a drug courier, without more, entitles a defendant to a reduction of the offense level as a minimal or minor participant. Lopez-Gil, 965 F.2d at 1131; U.S. v. Paz _________ ___________ Uribe, 891 F.2d 396, 399 (1st Cir. 1989), cert. denied, 495 _____ _____ ______ U.S. 951 (1990). See U.S. v. Garcia, 920 F.2d 153, 155 (2d ___ ______________ Cir. 1990) ("[w]hile in certain cases and on particular facts, a district court might conclude that a defendant courier was `substantially less culpable than the average participant' and thus make a downward adjustment pursuant to 3B1.2, this conclusion is by no means mandated. ... Couriers are indispensable to the smuggling and delivery of drugs and their proceeds."). Balanced against appellant's claim that she was only a minor part of a larger enterprise is the record evidence as found or adopted6 by the district court: the  ____________________ we are not convinced that appellant has been harmed. The court permitted testimony at the sentencing hearing to the effect that defendant had consistently claimed there were others involved. A. 38-39. The government indicated that defendant, when arrested, alleged that a person in Aruba had provided her with the drugs. A. 41. Whether in fact there were others involved, the court did not find that appellant was substantially less culpable than they. Given the details of the scheme, the weight and purity of the cocaine and the amount of money involved, the court had ample grounds on which to deny appellant a downward adjustment.  6. Appellant claims that the district court failed to make findings in support of its rejection of her role in the offense adjustment. We have already observed that the PSR, adopted by the district court, sets out sufficient reasons in support of the denial of the role in the offense adjustment. -6- considerable amount of cocaine involved; the cocaine's high degree of purity, see U.S.S.G. 2D1.1, comment. (n.9); the ___ planning involved in the smuggling scheme; and the large amount of cash found with the drugs, on appellant's person and in her home.  We have not been shown that the district court's failure to grant appellant a downward adjustment was in any way erroneous. On this record, oral argument will not advance appellant's case. Accordingly, the district court's decision is affirmed. Loc. R. 27.1.  ________  ____________________ We find appellant's argument untenable in light of our recent decision in U.S. v. Catano, ___F.3d___, ___, No. 94-1502, _______________ slip op. at 26 (1st Cir. Sept. 18, 1995)("in a case where the PSR findings themselves adequately set forth a meaningful rationale for the sentence, a district judge does not err in adopting such findings.").  -7-